UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DONALD L. DONITHAN,

    *Plaintiff-Appellant,*

v.

WASHINGTON HOMES, INCORPORATED,

    *Defendant-Appellee.*

No. 02-1091

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-01-676-A)

Submitted: July 11, 2002

Decided: July 26, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Annette K. Ruben, Leesburg, Virginia, for Appellant. Douglas B. Mishkin, PATTON BOGGS L.L.P., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald L. Donithan appeals the district court's orders granting summary judgment in favor of Washington Homes, Inc., on his sex discrimination claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), and denying reconsideration of that order. We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Donithan argued that Washington Homes was liable for alleged sexual harassment of Donithan by Richard Johnston under the theory that Dale Walker, the ultimate decisionmaker, was acting as a "cat's paw" for Johnston. We have reviewed the parties' briefs, the joint appendix, and the district court's bench ruling and order and conclude the district court properly rejected Donithan's argument. *See Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir. 1990). Furthermore, Washington Homes established the affirmative defense articulated in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), by showing it exercised reasonable care to prevent and correct workplace sexual harassment and by showing Donithan unreasonably failed to take advantage of Washington Homes' sexual harassment reporting policy. Accordingly, we affirm substantially on the reasoning of the district court. *Donithan v. Washington Homes, Inc.*, No. CA-01-676-A (E.D. Va. Dec. 4 & Dec. 19, 2001). We grant Washington Homes' motion to file a corrected brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*